Cheshire,
No. 4974.

ANDREW B. COTTER & a. v. ROGER F. COTTER & a.

Submitted October 4, 1961.
Decided December 29, 1961.

*Goodnow, Arwe & Ayer* for the plaintiffs.

*Richard R. Fernald,* guardian ad litem, *pro se.*

KENISON, C. J.   The devise to Edward M. Cotter of "my real estate located at 120 Pearl Street" is a common example of devises by popular name without any attempt at formal description.   4 Bowe-Parker (Rev. *ed.*) Page on Wills, s. 33.19 (1961). Such devises are generally sustained as valid and are considered as constituting a gift of the buildings and of the land used in connection therewith. *Cowan* v. *Cowan,* 90 N. H. 198; *Marston* v. *Stickney,* 58 N. H. 609. The fact that the testator referred to the residences at 118 and 120 Pearl Street as real estate and in exactly the same language indicates beyond any doubt that he intended to devise a reasonable amount of land with access therefrom to Pearl Street, and that he did not intend in the case of the devise of 120 Pearl Street only a building subject to removal.   This is the usual sense in which the words would be used (RSA 21:21) and in the context of the will as a whole there is no reason to believe that the testator intended that one of the devisees should be without the benefit of land or access particularly in view of the past use of these premises. Annot. 12 A. L. R. 1179.

It is the plaintiffs' contention that the alternative remainder interest devised to Edward M. Cotter of the real estate located at 118 Pearl Street should pass as intestate property.   If the first clause of the will is taken by itself, there is validity in this argument.   That clause reads as follows: *"FIRST:* I give and devise to my son, Roger F. Cotter of Keene, New Hampshire, my real estate located at 118 Pearl Street, Keene, New Hampshire, to have and to hold during the term of his natural life.   On the death of my son Roger, I give and devise said real estate in fee simple to my daughter, Agnes C. Meloon, of Keene, New Hampshire, if she

survives him. Should my daughter, Agnes C. Meloon, predecease my son Roger, I then give and devise said real estate in fee simple to my son, Edward M. Cotter, of Keene, New Hampshire." By this clause alone the daughter, Agnes C. Meloon, would have a remainder interest subject to defeasance if she fails to survive Roger F. Cotter.

Since Edward predeceased Roger the question arises whether the testator intended that Edward should take only in the event that he survived Roger. If he so intended this would create intestacy in the event Agnes also predeceased Roger unless the property passed under the residuary clause of the will. However Agnes under the ninth clause of the will is the residuary beneficiary of both realty and personal property. The residuary clause is not conclusive against partial intestacy but supports the position that it was not intended by the testator. *West* v. *Chase*, 92 N. H. 104; *Merchants &c. Bank* v. *Berry*, 93 N. H. 388; *Kemp* v. *Dowling*, 94 N. H. 198.

It is true in several cases where the court has failed to find a partial intestacy in a testamentary disposition that the wills have been elaborate or detailed. *Roberts* v. *Tamworth*, 96 N. H. 223; *Jacobs* v. *Bean*, 99 N. H. 239. This does not mean that partial intestacy may not be avoided in the simple will with a general residuary clause which may be terse in style and laconic in nature. *Cowan* v. *Cowan*, 90 N. H. 198, 199; *In re Lathrop Estate*, 100 N. H. 393. The will construed as a whole contains no reasonable indication that any part of the estate should pass as intestate property. 4 Bowe-Parker (Rev. *ed.*) Page on Wills, s. 30.14 (1961). Upon the stipulations and record in this case Agnes C. Meloon has a vested remainder in the premises at 118 Pearl Street regardless of whether she survives Roger.

*Remanded.*

DUNCAN, J., dissented in part; the others concurred.

DUNCAN, J., *dissenting in part:* The assumption that a question of intestacy may arise in this case seems to me without warrant. The testator Maurice E. Cotter plainly indicated by the first clause of his will his intention that at the death of his son Roger the property known as 118 Pearl Street should go to his daughter Agnes if she survived Roger, otherwise to his son Edward, to whom the

premises at 120 Pearl Street were left by the second clause of the will. If it was probable that Agnes, as the youngest of the three, would outlive both Roger and Edward, yet the possibility that she might predecease Roger was expressly recognized by the will. So also the possibility that Edward might predecease Roger must have been apparent to the testator. Yet his devise to Edward, unlike that to Agnes, was not conditioned upon his survival of Roger, but was "in fee simple" with no requirement that he survive either Roger or Agnes.

In my judgment, Agnes, who is now living, has a vested remainder in 118 Pearl Street, subject however to defeasance if she should predecease the life tenant Roger. *Kennard* v. *Kennard*, 81 N. H. 509, 511; Simes & Smith, The Law of Future Interests (2d *ed.*) *s.* 149 at *p.* 160. Since Edward survived the testator, his interest likewise was vested, although subject to defeasance. *Osgood* v. *Vivada*, 94 N. H. 222, 225. At his decease, his executory interest descended to his heirs, and remains subject to defeasance should Agnes survive Roger. *Upton* v. *White*, 92 N. H. 221, 226; *Colony* v. *Colony*, 97 N. H. 386, 390-391; *Chisholm* v. *Bradley*, 99 N. H. 12, 14. Under this construction of the will no intestacy can occur, and no occasion is presented to consider the effect of the residuary clause of the will.